# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL ARREOLA,<br><br>        Petitioner/Defendant,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>        Respondent/Plaintiff. | CASE NO. 11CR0265-LAB/<br>12cv1511-LAB<br><br>**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255** |

    Petitioner Marisol Arreola pleaded guilty to one count of importing methamphetamine, and the Court on August 22, 2011 sentenced her to 68 months in custody plus 5 years' supervised release. On June 19, 2012, she filed a motion to vacate the sentence, pursuant to 28 U.S.C. § 2255.

    Arreola entered into a plea agreement (Docket no. 20) in which she waived the right to appeal or collaterally attack her sentence, with two exceptions. If she was sentenced above the high end of the guideline range recommended by the government, she was free to bring an appeal or collateral attack. (*Id*. at 10:3–6.) But in any case, she was permitted to bring a post-conviction collateral attack on her sentence based on a claim of ineffective assistance of counsel. (*Id*. at 9:28–10:3.)

    The high end of the guideline range recommended by the government was 87 months. (Docket no. 20 at 7:9–9:21 (plea agreement, calculating sentencing guidelines and agreeing on recommendations); Docket no. 35 (government's sentencing summary chart,

using the same guideline calculations).) Because Arreola was sentenced to only 68 months, she has waived most collateral attacks on her sentence.

The petition states the grounds for relief only briefly. It does not attack the plea agreement as being the product of ineffective assistance of counsel, but does conclusorily suggest it was involuntary. It claims she pleaded guilty to avoid the prospect of a long sentence, which "totally scared me." But Arreola's fear of the real possibility of a long sentence does not render her plea involuntary. In fact, her attorney and the Court must acquaint her with the maximum possible penalty. *See, e.g., United States v. Barragan-Espinoza*, 350 F.3d 978, 982 (9th Cir. 2003) (citing Fed. R. Crim. P. 11) (noting that trial judge complied with requirement that defendant be advised of maximum possible penalties before being allowed to plead guilty).)

In alleging the attorney who handled her sentencing hearing was ineffective, the petition's first ground for relief is: "My attorney was ineffective which caused me to receive a greater sentence th[a]n I deserved." The facts supporting this claim are: "I was entitled to a substantial deduction [*sic*] at the sentencing hearing because I am a model citizen and in addition I agreed to a lesser term than I received." Arreola's claim that she was a "model citizen" is apparently a reference to her lack of criminal history. But that was pointed out to the Court by both her attorney and the government, and it was accounted for in calculating the guideline range. There is no separate additional sentence reduction for having been previously law-abiding.

The second part of this claim is baseless, because Arreola had no assurance at all what term she would be sentenced to, and admitted she knew she could be sentenced to as much as a life term. (Docket no. 20 at 6:21–7:7; *see also id.* at 3:13–24 (discussing possible penalties).) She did, however, agree that the government would recommend that she be sentenced to the low end of the advisory guideline range as calculated by the government pursuant to the plea agreement. As discussed, the government made this recommendation, and in fact Arreola was sentenced to two months less than the government's recommendation.

The only potentially meritorious basis for relief that has not been waived is Ground Two, which alleges: "In the final phase of my sentencing a substitute counsel stepped in to assist with the sentencing, violating my right to effective assistance of counsel." It is supported by this allegation: "My original attorney took on another position outside of San Diego and as a result I was given an attorney that had no knowledge of information regarding the complications of my case." The record belies some of Arreola's allegations. It shows she was assigned new counsel just after plea agreement was executed, and before any sentencing proceedings were underway. The sentencing hearing, in fact, was held four months later. It is therefore apparent the new attorney was not substituted in at the last moment during the later parts of the sentencing phase. This part of the claim is baseless, and the Court is not required to hold a hearing on it. *See Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir. 1994) (trial court is not required to hold an evidentiary hearing before denying § 2255 motion, if allegations, when viewed against the record, are palpably incredible or patently frivolous).

Arreola is also, however, claiming her new attorney didn't know the facts of her case and therefore ineffectively assisted her in connection with sentencing. This one claim appears not to have been waived by the plea agreement, and is not plainly baseless. It is, however, inadequately pleaded. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (conclusory allegations are insufficient to state a claim for ineffective assistance of counsel). To state a claim for ineffective assistance of counsel, Arreola would have to allege facts showing that her counsel's conduct fell below an objective standard of reasonableness, *see Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that she was prejudiced by the deficient performance. *Id*. at 693. There is a strong presumption that her counsel's performance was not deficient. *Id.* at 689.

The petition is **DISMISSED**. Except for this last claim, Arreola's claims are all either waived or, when viewed against the record, are palpably baseless, and are therefore **DENIED**. Arreola's last claim does not appear to be waived, and is not palpably baseless, but it isn't adequately pleaded. It is therefore **DISMISSED WITHOUT PREJUDICE**. If Arreola

believes she can amend her petition to adequately plead this claim, she may do so by filing an amended petition no later than **July 16, 2012**.

**Arreola's amended petition must include only the one claim that has not already been denied. If her petition includes new claims, or claims already denied, it will be rejected for filing, which may result in her missing the deadline. If she does not file an amended petition within the time permitted, her one remaining claim for relief will be denied.**

**IT IS SO ORDERED**.

DATED:  June 26, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge